**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Joshua Erik Bowler, | ) | No. CV 13-0046-PHX-RCB (JFM) |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Defendants. | ) | |

Plaintiff Joshua Erik Bowler, who is confined in the Arizona State Prison Complex-Eyman, Browning Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed for failure to state a claim with leave to amend. (Doc. 6.)  Plaintiff filed a First Amended Complaint. (Doc. 11.)  On August 12, 2013, the Court dismissed the First Amended Complaint for failure to state a claim with leave to amend within 30 days. (Doc. 13.)  On September 12, 2013, Plaintiff filed a motion for extension of time to file a second amended complaint and a motion for appointment of counsel. (Doc. 14, 15.)  The Court will deny the motion for appointment of counsel, but will grant Plaintiff an extension of time as set forth herein.

Plaintiff seeks the appointment of counsel because he is indigent and because he does not understand how to amend to correct the deficiencies in his prior complaints.  There is no constitutional right to the appointment of counsel in a civil case.  See Ivey v. Bd of Regents of the Univ. of Alaska, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when

JDDL-K

"exceptional circumstances" are present.  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved.  Id.  "Neither of these factors is dispositive and both must be viewed together before reaching a decision."  Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, Plaintiff has not shown that exceptional circumstances are present that would require the appointment of counsel in this case.  In its prior Orders, the Court has described the standard to state the type of claims alleged by Plaintiff.[1]  Plaintiff should review those Orders and allege any *facts* that, if proven, may entitle him to relief.

Plaintiff also seeks an extension of time to file a second amended complaint.  Plaintiff states that he lacked access to his property while a protective custody review was being conducted.  The Court will grant Plaintiff an additional 30 days in which to file a second amended complaint.

**Warnings**

### A.  Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

---

[1] Specifically, Plaintiff alleged a claim for threat to safety.  To state a claim under § 1983 for failure to protect or threats to safety, an inmate must allege *facts* to support that he was incarcerated under conditions posing a *substantial* risk of harm and that prison officials were "deliberately indifferent" to those risks.  Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).  To adequately allege deliberate indifference, he must allege facts to support that a defendant knew of, but disregarded, an excessive risk to his safety.  Id. at 837.  That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference."  Id.  Thus, Plaintiff must allege *facts* to support when and how any particular defendant knew of a substantial risk of harm to Plaintiff and that the defendant disregarded or failed to take steps to protect Plaintiff.

1  in dismissal of this action.

2  **B.    Address Changes**

3  Plaintiff must file and serve a notice of a change of address in accordance with Rule

4  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

5  relief with a notice of change of address.  Failure to comply may result in dismissal of this

6  action.

7  **C.    Copies**

8  Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

9  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

10  to Plaintiff.

11  **D.    Possible "Strike"**

12  Because the Complaint and First Amended Complaint were dismissed for failure to

13  state a claim, if Plaintiff fails to file a second  amended complaint correcting the deficiencies

14  identified in the Court's August 12, 2013 Order, the dismissal may count as a "strike" under

15  the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner

16  may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C.

17  § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in

18  any facility, brought an action or appeal in a court of the United States that was dismissed

19  on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

20  be granted, unless the prisoner is under imminent danger of serious physical injury."  28

21  U.S.C. § 1915(g).

22  **E.    Possible Dismissal**

23  If Plaintiff fails to timely comply with every provision of this Order, including these

24  warnings, and the August 12, 2013 Order, the Court may dismiss this action without further

25  notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to

26  comply with any order of the Court).

27  **IT IS ORDERED:**

28  (1)    Plaintiff's motion for appointment of counsel is **denied**.  (Doc. 15.)

JDDL-K

1    (2)    Plaintiff's motion for an extension of time is **granted** to the extent set forth

2 below.  (Doc. 14.)

3    (3)    Plaintiff is granted an additional **30 days** from the filing date of this Order in

4 which to file a second amended complaint in compliance with the August 12, 2013 Order,

5 doc. 13.

6    (4)    If Plaintiff fails to file an amended complaint within the extension granted

7 herein, the Clerk of Court must, without further notice, enter a judgment of dismissal of this

8 action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C.

9 § 1915(g).

10    DATED this 19th day of September, 2013.

11

12

13    _____

14    Robert C. Broomfield
      Senior United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28